Maciel received on 1/4/19

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of __DEKALB_____ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed __1/4/2019__ | Case Number __19A72635__ | |
| MM-DD-YYYY | | |

**Plaintiff(s)**
BASS, ROBERT

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
KLUBA, MACIE

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| EXPRESS TOGO | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| ARCH INSURANCE COMPANY | | | | |
| Last | First | Middle I. | Suffix | Prefix |
| ABC CORPORATION | | | | |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Kristina Ducos     **Bar Number** 440149     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☒ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Garnishment**
- ☐ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**
- ☐ **Adoption**
- ☐ **Dissolution/Divorce/Separate Maintenance**
- ☐ **Family Violence Petition**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

**Post-Judgment – Check One Case Type**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Modification**
- ☐ **Other/Administrative**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**          **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

EXHIBIT "A"

19A72635

No. _____

Date Summons Issued and Filed

~~1/4/2019        Siana Smith~~

_____
Deputy Clerk

Deposit Paid $ _____

[ ]   **ANSWER**

[ ]   **JURY**

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

*Robert Bass*

_____
(Plaintiff's name and address)

**vs.**

*Macie Kluba Express To Go CT
Expedited, Inc., Arch Insurance
Company and ABC Corporation*
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

*Kristina Ducos Menge & Associates*
(Name)
*2205 Dunwoody Pl, Bldg 19, Atlanta, GA 30350*
(Address)
*800-899-5753*                                    *440149*
(Phone Number)                               (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

_____

Defendant's Attorney                                          Third Party Attorney

_____

Address                                                              Address

_____

Phone No.            Georgia Bar No.                    Phone No.                  Georgia Bar No.

| | | **TYPE OF SUIT** | | |
|---|---|---|---|---|
| ❏ Account | ☐ Personal Injury | | Principal | $ _____ |
| ❏ Contract | ☐ Medical Malpractice | | | |
| ❏ Note | ☐ Legal Malpractice | | Interest | $ _____ |
| ❏ Trover | ☐ Product Liability | | | |
| | ☐ Other | | Atty Fees | $ _____ |
| ❏ Transferred From _____ | | | | |

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**
EXHIBIT "A"

STATE COUR
DEKALB COUNTY
summons-server
1/4/2019 10:2
F-F

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| ROBERT BASS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action File No.: |
| | * | 19A72635 |
| MACIE KLUBA, EXPRESS TOGO, | * | |
| GT EXPEDITED, INC, ARCH | * | |
| INSURANCE COMPANY,and ABC | * | |
| CORPORATION, | * | |
| | * | |
| Defendants. | * | **DEMAND FOR JURY TRIAL** |
| | * | |

## COMPLAINT FOR PERSONAL INJURIES

**COMES NOW**, Plaintiff Robert Bass, hereinafter ("Plaintiff"), by and through his

undersigned counsel, and files this complaint against Macie Kluba, Express Togo and GT

Expedited, Inc., (hereinafter "Defendants"), asserting the following:

## PARTIES AND JURISDICTION

1.

Plaintiff, Robert Bass, is a resident of the State of Georgia and is otherwise subject to the

jurisdiction of this honorable court.

2.

Upon information and belief, Defendant Macie Kluba (Hereinafter "Kluba") is a resident

of Glen Ellyn, State of Illinois, and may be served with process in any manner allowed under

Georgia Law.   Pursuant to O.C.G.A. § 40-12-3, the defendant is a nonresident motorist subject

to the jurisdiction of the State of Georgia.

EXHIBIT "A"

3.

Upon information and belief, Defendant EXPRESS TOGO (Hereinafter "Express"), is a foreign company who conducts business in Georgia and therefore subject to the Jurisdiction of this Court. Defendant may be served with process in any manner allowed by Georgia law.

4.

Defendant GT Expedited Inc (Hereinafter "GT") is a foreign company with a principal place of business Illinois whom conducts and transacts business in the State of Georgia and is subject to the Jurisdiction of this Court. Defendant may be served with process in any manner allowed by Georgia Law.

5.

Arch Insurance Company is a foreign company authorized to do business in Georgia and has sales agents in the State of Georgia, therefore subject to the Jurisdiction of this Court. Defendant may be served with process in any manner allowed by Georgia Law.

6.

Defendant, ABC Corporation, is unidentified and unknown at this time.

7.

Jurisdiction and Venue are proper in this court pursuant to O.C.G.A. § 40-12-3, Georgia's Non-Resident Motorist Act as the collision took place in DeKalb County State of Georgia therefore deeming it the appropriate venue and jurisdiction for this matter.

## **FACTS**

8.

On or about March 7, 2018, Defendant Kluba was operating a semi-truck ("Defendant's Vehicle") owned by Defendant GT on Interstate 285 East at the intersection of Interstate 85 and Interstate 285 in DeKalb County, Georgia.

EXHIBIT "A"

9.

At the same time and location, Plaintiff was operating a 2016 Nissan Altima.

10.

Defendant Kluba failed to maintain his lane causing a collision with Plaintiff's vehicle.

11.

The impact was so forceful that plaintiff's vehicle sustained over $8,000.00 in property damage due to Defendant Kluba's negligence.

12.

Defendant Kluba was cited by investigating police for Failure to Maintain Lane in violation of §40-6-48, at the scene of the collision.

13.

Defendant Kluba failed to appear to his mandated court appearance at DeKalb County State Court on April 30, 2018 in relation the citations received in this collision, and subsequently plead guilty to the charges on June 7, 2018.

14.

At all times material hereto, Plaintiff acted in a reasonably safe, cautious and prudent manner.

## COUNT I: NEGLIGENCE OF DEFENDANT KLUBA

15.

The sole and proximate cause of this collision and of any and all resulting injuries and damages to Plaintiff was Defendant's negligence in the following the particulars, but not specifically limited hereto, in that:

(a)     Defendant operated the commercial vehicle in a negligent fashion given the road and traffic conditions;

EXHIBIT "A"

(b)     Defendant operated the commercial vehicle in wanton disregard for the safety of others;

(c)     Defendant acted negligently in Failure to Maintain Lane;

(d)     Defendant generally failed to exercise due care under the circumstances.

16.

Defendant Kluba actions were not what an ordinary and prudent driver would have done under like conditions, and constituted one or more violations of the Uniform Rules of the Road, thus constituting negligence as a matter of fact and negligence per se.

17.

As a direct and proximate result of the negligence of Defendant Kluba, Plaintiff suffered from injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body, and personal inconvenience. As a result of the collision, Plaintiff has incurred expenses in excess of $16,000.00.

## COUNT II: NEGLIGENCE OF GT EXPEDITED INC

18.

Paragraphs 1-17 are adopted.

19.

Defendant GT, negligently hired, retained, or supervised Defendant Kluba.

20.

Defendant GT is liable for the acts and omissions of Defendant Kluba under the theory of *Respondeat Superior*.

## COUNT III: NEGLIGENCE OF DEFENDANT EXPRESS TOGO

21.

Paragraphs 1-20 are adopted.

EXHIBIT "A"

22.

Defendant Express, negligently hired, retained, or supervised Defendant Kluba.

23.

Defendant Express is liable for the acts and omissions of Defendant Kluba under the theory of *Respondeat Superior.*

24.

As a direct and proximate result of the negligence and breach of duty by Defendants, Plaintiff suffered from injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body, and personal inconvenience. As a result of the collision, Plaintiff has incurred expenses in excess of $16,000.00.

## COUNT IV: DIRECT ACTION AGAINST DEFENDANT ARCH INSURANCE COMPANY

25.

Paragraphs 1-24 are adopted.

26.

Defendants GT Expedited INC and Express ToGo, are motor common carriers under Georgia Law.

24.

Upon information and belief, Defendant Arch Insurance Company issued a policy of insurance to Defendant GT Expedited Inc, which was active at the time of this collision, with limits of $4,000,000.00 per incident on policy number ZAULP6027901.

25.

Plaintiff suffered an actionable injury in this collision on 03/07/2018. This collision involved a truck covered under policy number ZAULP6027901 issued to Defendant GT

EXHIBIT "A"

Expedited INC by Defendant Arch Insurance Company.

26.

Defendant Arch Insurance Company is subject to suit by direct action as allowed by Georgia Law.

27.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia Law, Defendant Arch Insurance Company is liable to Plaintiff, and responsible for payment incurred by and occasioned upon the Plaintiff as a result of the negligent acts and omissions of Defendant Kluba and Defendant GT Expedited INC.

28.

As a direct and proximate result of the negligence and breach of duty by Defendants, Plaintiff suffered from injuries and damages including medical and other necessary expenses, mental and physical pain and suffering due to the injuries to his body, and personal inconvenience. As a result of the collision, Plaintiff has incurred expenses in excess of $16,000.00.

## COUNT IV: O.C.G.A. § 13-6-11

29.

Defendants have acted in violation of O.C.G.A. § 13-6-11 by acting in bad faith, being stubbornly litigious, or has caused the Plaintiff unnecessary trouble and expense.

30.

Plaintiff request a bifurcated trial so that the O.C.G.A. § 13-6-11 claim can be heard at the conclusion of the trial so as not to interfere with the evidence during the first phase of trial. Plaintiff asks that the jury be allowed to consider awarding all attorneys fees and expenses of litigation against the Defendants.

EXHIBIT "A"

31.

Defendants are liable to Plaintiff for actual and compensatory damages resulting from Defendant's negligence.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff having set forth the facts and circumstances in support of this cause of action, respectfully requests to they be GRANTED:

(a) A trial by jury;

(b) Compensation in damages for Plaintiff's medical expenses in excess of $16,000.00;

(c) Compensation in damages for Plaintiff's mental stress, pain, suffering, discomfort and inconvenience;

(d) Compensation for actual and compensatory damages;

(d) Expenses of litigation including reasonable attorney fees;

(e) A bifurcated trial so that the O.C.G.A. § 13-6-11 claim can be heard at the conclusion of the trial so as not to interfere with the evidence during the first phase of trial. Plaintiff asks that the jury be allowed to consider awarding all attorney's fees and expenses of litigation against the Defendants; and

(f) Such other relief as this Court may deem fair and reasonable to be determined at trial.

*[SIGNATURE ON FOLLOWING PAGE]*

EXHIBIT "A"

This 4ᵗʰ day of January, 2019.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ Kristina Ducos

Kristina Ducos
Georgia State Bar No. 440149
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
(800)899-5750
kristinad@monge.lawyer

STATE COURT OF
DEKALB COUNTY, GA.
1/4/2019 10:28 AM
E-FILED
BY: Siana Smith

EXHIBIT "A"

**IN THE STATE COURT OF DEKALB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| ROBERT BASS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action File No.: 19A72635 |
| | * | |
| MACIE KLUBA, EXPRESS TOGO, | * | |
| GT EXPEDITED, INC, ARCH | * | |
| INSURANCE COMPANY,and ABC | * | |
| CORPORATION, | * | |
| | * | |
| Defendants. | * | **DEMAND FOR JURY TRIAL** |
| | * | |

---

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT MACIE KLUBA

**To:**   Macie Kluba
470 Kenilworth Ave
Glen Ellyn, IL 60137

Requests for admissions are not objectionable even if they require opinions or conclusions of law, as long as the legal conclusions relate to the facts of the case. *G.H. Bass & Co. v. Monroe County Bd. of Tax Assessors*, 268 Ga. 327, 486 S.E.2d 810 (1997). Please admit each of the following:

1. This action properly and correctly names the parties to be sued in this cause.

2. Jurisdiction for this case is appropriate in this Court.

3. Service of process against the Defendant for whom you are responding was proper under Georgia Law.

4. The motor vehicle operated by Defendant was either owned by Defendant or was being operated by Defendant with the knowledge, permission and consent of its owner.

EXHIBIT "A"

5.  Defendant was in the course and scope of his work duties at the time of the impact.

6.  Defendant received a citation issued by the investigating law enforcement agency arising out of the subject collision.

7.  Defendant failed to appear in court for citations issued in connection with the subject collision.

8.  Defendant plead guilty in DeKalb County State Court to citations in relation to this collision.

9.  Defendant was employed by GT Expedited Inc at the time of the collision.

10. Plaintiff's actions did not cause or contribute to the subject collision.

11. At the time of the referenced incident Defendant was transporting for his employer.

12. Defendant reported the collision to his employer.

13. Defendant had a video camera on his truck at the time of the collision.

14. There is a video which depicts the collision.

15. Defendant is in possession of said video.

16. Defendant's employer is in possession of said video.

17. Defendant is a resident of the State of Illinois.

18. Defendant is not a resident of the State of Georgia.

19. Defendant completed a drug screening within 24 hours of this collision.

20. Defendant was under the influence of medication at the time of the collision.

This Request for Admissions is served upon you together with Plaintiff's Complaint.

*[Signature on following page}*

EXHIBIT "A"

This 4th day of January, 2019.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ *Kristina Ducos*

*Kristina Ducos*
Georgia State Bar No. 440149
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
(800)899-5750
kristinad@monge.lawyer

EXHIBIT "A"

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| ROBERT BASS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action File No.: 19A72635 |
| | * | |
| MACIE KLUBA, EXPRESS TOGO, | * | |
| GT EXPEDITED, INC, ARCH | * | |
| INSURANCE COMPANY,and ABC | * | |
| CORPORATION, | * | |
| | * | |
| Defendants. | * | **DEMAND FOR JURY TRIAL** |
| | * | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MACIE KLUBA

**To:**   Macie Kluba
470 Kenilworth Ave
Glen Ellyn, IL 60137

NOW COMES, Robert Bass, Plaintiff in the above styled matter (hereinafter referred to as "Plaintiff"), pursuant to the Georgia Civil Practice Act and serves these Interrogatories upon Defendant Macie Kluba, (hereinafter referred to as "Defendant), and requests that they be answered fully, in writing and under oath, within forty-five (45) days of the service hereof as prescribed in said Rule.

These interrogatories shall be deemed continuing so as to require supplemental answers if the Defendant obtains further or different information between the time responses are served and the time of trial, as required by law.

## DEFINITIONS

As used herein, the terms listed below are defined as follows:

EXHIBIT "A"

1.      "Document" shall mean every writing and record of every type and description that is or has been in the Defendant's possession, custody, or control or of which the Defendant has knowledge, including but not limited to correspondence, memoranda, email, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, voice recordings, minutes or statistical compilations, or any other recorded or graphic material in whatever form, including drafts and reproductions.

2.      "Person" shall mean any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

3.      To "identify" a "document" shall mean to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

    (a)     The title or other means of identification of each such document;

    (b)     The date of each such document;

    (c)     The author of each such document;

    (d)     The recipient or recipients of each such document, including but not limited to the Defendant or anyone who purports to represent Defendant;

    (e)     The present location of any and all copies of each such document in the care, custody, or control of the Defendant.

    (f)     The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and

    (g)     If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the

destruction of the document and the date the document was destroyed.

4.   To "identify" a natural person means to state that person's full name, title or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization, or group of persons, the form of the business, organization, or group of persons and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

5.   "Relate to" or "related to" shall mean relating to, reflecting, concerning, or evidencing in any way.

6.   "Complaint" refers to the Complaint filed by Plaintiff in this action.

7.   If any interrogatory cannot be answered in full, answer to the extent possible and specify reasons for the inability to answer.

## II.   **INTERROGATORIES**

1. Please identify by full name and contact information any individual whom you believe was a witness to this collision.

2. Were you on the business of any individual or entity at the time of this incident?  If so, please identify the individual or entity.

3. Do you contend that any of the named Defendants have been improperly named as parties to this action and/or that improper or incorrect agents for service were utilized to effectuate service upon the Defendants?  If your answer to this of these inquiries is "yes", please provide a detailed explanation as to why you contend that the named Defendants

EXHIBIT "A"

have been improperly named or the agents used for service were improper and provide the complete and correct name of the entities or individuals you contend should have been named and/or served.

4. Within a two-week period either before or after this incident, did you have access to a cell phone? If so, please provide the cell phone provider, telephone number and the name under which the phone was listed for each of the phones you had access to along with telephone provider.

5. Did you have a cell phone with you in the vehicle you were operating on the day of the incident? If yes, please provide phone number and name of carrier.

6. Did you report this collision to your employer? Please provide full name and contact information for individual report to.

7. Whom paid the traffic fines associated with the citations given in relation to this incident?

8. Please identify and provide the names of all medical providers which you have seen in relation to any injuries sustained in this collision.

9. Please identify whether or not a video exist that captured the subjected collision. If the video no longer exist, please explain reason for its destruction.

10. Please identify your full name, address, date of birth, marital status, social security number, any other names you may be known, and the names and addresses of any relatives you have in the county in which the above captioned action is pending.

11. Identify all owners and lessors of the vehicle you were operating at the time of the subject

EXHIBIT "A"

collision.  How long have you operated this vehicle?

12. Where had you been prior to the instant collision, where were you going at the time of the collision, and what time were you due to arrive at your destination.

13. Please describe in detail how you contend the occurrence which is the subject of this suit occurred.

14. What was the extent of damage sustained to the vehicle you were driving as a result of the collision, giving the time of loss of use, cost of repair and who repaired the vehicle.

15. If you received a ticket of any sort as a result of this collision, state the charge on the ticket, the court involved and the disposition of the charge.

16. If you are claiming the Plaintiff was partially or contributory negligent, please specify each act of negligence.

17. Please review your driver's license and list your classification and any restrictions.

18. Identify each person whom you expect to call as an expert witness at trial and state the subject matter on which said experts are expected to testify and the substance of the facts and opinions to which the expert is expected to testify and the summary of grounds for each opinion and the address, telephone number and training of said expert.

19. Identity all insurance policies, umbrella policies, indemnity agreements and excess liability policies in force and effect on the date of loss which provide coverage to you, the vehicle you were driving or otherwise apply to this incident by stating the insurer name, address, policy number, claim number, adjuster, named insured's relationship to driver and amount of available coverage.

20. Please state your address at the time of the subject collision along with the identity of all persons with whom you were residing and your relationship to said persons

EXHIBIT "A"

21. Identify any and all civil actions which you have been either a plaintiff or defendant by stating the following: parties, case number, jurisdiction, nature of case, and opposing counsel's address and telephone number.

22. Please identify all prior criminal charges or convictions by jurisdiction, offense, accusation or indictment number, and disposition, including first offender charges and pleas of nolo contendere, in which you have been a previous defendant.

23. State in detail the factual basis for each defense you have raised in your Answer to the Complaint.

24. Identify by name each document which supports any contention that the Plaintiff's injuries were not proximately caused by the incident involving the Defendant or were pre-existing in nature.

## III.   **REQUEST FOR PRODUCTION OF DOCUMENTS**

1. A copy of the declarations page of any applicable insurance policy.

2. A copy of all photographs of the tractor trailer involved in this collision.

3. Damage appraisals and repair invoices (including supplementals) related to any vehicle involved in the collision described in Plaintiff's Complaint and copies of checks disbursed related to property damage.

4. A copy of your drivers license and any certifications or special licenses you have been issued.

5. A copy of all documents you receive in response to any non-party requests for production of documents you send in this case.

EXHIBIT "A"

6. A copy of any document you intend to introduce as evidence at the trial of this case.

7. All documents relating to any convictions of moral turpitude or felony convictions involving the Defendant.

8. Written or recorded statements made by any witness, party or other person having information or knowledge of any fact or circumstance in this action routinely obtained as a standard practice of investigation. <u>Atlantic Coast Line Railroad Company v. Gause</u>, 116 Ga. App. 216, 156 SE 2d 476 (1967).

9. Any and all medical reports, records or documents which will be used at the time of trial and or deposition for purposes of impeachment and or any other purpose allowable under the Georgia Civil Practice Act.

10. Please produce all documents for any cell phone, car phone, mobile phone, pager, or radio communication device which you owned, had access to, or used on the date of the collision, including but not limited to billing statements, invoices, and itemized statements inclusive of the date of the collision giving rise to this litigation.

11. Any documentation relating to traffic infractions, citations, violations, or warnings while operating a commercial vehicle over the past five years.

12. Any documentation relating to run reports, scope of Defendants duties on date of collision, contracts for transport defendant was actively working on date of collision.

13. Any documentation relating to defendant's employment with employer including contracts, date of hiring, date of firing, and any disciplinary records or reports resulting from employment with employer.

14. For any document that is not produced on grounds of privilege, please provide the following:

EXHIBIT "A"

(a)     the date each document was generated;

(b)     the person generating each document;

(c)     the present custodian of each document; and

(d)     a description of each document.

These Interrogatories and Request for Production of Documents are served upon you together with Plaintiff's Complaint.

This 4TH day of January, 2019.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ Kristina Ducos

*Kristina Ducos*
Georgia State Bar No. 440149
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
(800)899-5750
kristinad@monge.lawyer

EXHIBIT "A"

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

ROBERT BASS,                         *
                                     *
               Plaintiff,            *
                                     *
         vs.                         *     Civil Action File No.:  19A72635
                                     *
MACIE KLUBA, EXPRESS TOGO,           *
GT EXPEDITED, INC, ARCH              *
INSURANCE COMPANY,and ABC            *
CORPORATION,                         *
                                     *
               Defendants.           *     **DEMAND FOR JURY TRIAL**
                                     *
                                     *

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT ARCH INSURANCE COMPANY

TO:   J. Patrick O'Brien
      C/O Corporation Service Company
      40 Technology Parkway, South # 300
      Norcross, GA 30092

      Requests for admissions are not objectionable simply because they ask for opinions or

conclusions of law as long as the legal conclusions relate to the facts of the case.  *Bass & Co. v.*

*Monroe County Bd. of Tax Assessors*, 268 Ga. 327, 486 S.E.2d 810 (1997).

Please admit each of the following:

1.  Defendant's insured GT Expedited Inc, is a "motor carrier" as defined in O.C.G.A. § 40-1-100.

2.  Defendant Arch Insurance Company (Hereinafter "Arch") is an appropriate party to this action under Georgia's direct action statute.

3.  Defendant Arch has been validly served with process in this action.

EXHIBIT "A"

4. Venue as to Defendant Arch is appropriate in this court.

5. Defendant issued an insurance policy to Defendant GT Expedited Inc, under policy number ZAULP6027901, and it was in full force and effect on March 7, 2018.

6. Policy number ZAULP6027901 is a commercial trucking policy.

7. Policy number ZAULP6027901 had limits of $4,000,000.00 per incident for bodily injury claims.

8. Policy number ZAULP6027901 included coverage for vehicle driven by Defendant Kluba on the date of the referenced collision.

9. Policy number ZAULP6027901 would provide coverage for this incident in the event a jury determines Macia Kluba legally liable for the Plaintiff's injuries in this case.

10. Policy Number ZAULP6027901 includes a MCS90 Endorsement.

11. You have informed your insured of this pending lawsuit.

12. Defendant Kluba is covered under policy ZAULP6027901.

These requests for admissions are served upon you together with Plaintiff's Complaint.

This 4th day of January, 2019.

Respectfully submitted,

MONGE & ASSOCIATES,

/s/ Kristina Ducos

Kristina Ducos
Georgia State Bar No. 440149
Attorney for Plaintiff

8205 Dunwoody Place
Building 19

EXHIBIT "A"

Atlanta, Georgia 30350
(800)899-5750
kristinad@monge.lawyer

## IN THE STATE COURT OF DEKALB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| ROBERT BASS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action File No.: 19A72635 |
| | * | |
| MACIE KLUBA, EXPRESS TOGO, | * | |
| GT EXPEDITED, INC, ARCH | * | |
| INSURANCE COMPANY,and ABC | * | |
| CORPORATION, | * | |
| | * | |
| Defendants. | * | **DEMAND FOR JURY TRIAL** |
| | * | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ARCH INSURANCE COMPANY

TO:   Arch Insurance Company
      C/O Corporation Service Company
      40 Technology Parkway, South # 300
      Norcross, GA 30092

COMES NOW, Plaintiff, and serves upon Defendant, Plaintiff's First Interrogatories, to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from the receipt of such information, but not later than the time of trial.

## DEFINITIONS

When used in these Interrogatories, the term "Defendant" or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendants.

EXHIBIT "A"

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1) "You" and "your" means and refers to Defendants, the Defendants to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2) The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3) "Person" includes any individual, corporation, partnership, government, or business entity, and group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who

EXHIBIT "A"

presently has possession, custody or control over each item of real or documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

## <u>INTERROGATORIES</u>

1. Identify the insurer issuing the policy, the policy number, and the effective dates of the policy for all policies of insurance (primary or excess) which do, does, or may provide insurance coverage for the claims made in Plaintiff's Complaint. Plaintiff specifically requests that in response to this interrogatory, this Defendant identify any and all payouts made and insurance coverages remaining for any aggregate or single-limit policies applicable for the time period which includes the subject incident.

2. Please state the name, business address, and business telephone number of the following persons:

   (a)  Any claims representative or individual who has investigated or sought to assist in the adjusting of the claim that forms the basis of Plaintiff's Complaint; and

   (b)  The claims representative who is responsible for handling and supervising this claim.

3. Please identify every person who has any information about how or why the subject collision occurred, about who was at fault or any way responsible for causing this collision, and about any other information concerning the issues of liability or damages in this case. Please list a brief description or nature of such person's knowledge (for example: eyewitness, investigating police officer, medical doctor, private investigator, etc.).

EXHIBIT "A"

4. Please identify any witness who has information relevant to this case who has orally, in writing, or by recording in any way given a statement or account of his or his knowledge or any information relevant to this lawsuit. Identify each such witness by giving his or his name, address, and telephone number and provide an explanation of the type of statement given (oral, written, recorded, etc.). Also, please identify the taker and present custodian of such statement.

5. Please identify any person you expect to call as an expert witness, whether live, by affidavit, or by deposition in connection with the trial, any hearing or motion for evidentiary matter in this civil action, and separately for each expert identify: a) the subject matter of which such person is expected to testify; b) the substance of the facts and opinions as to which such expert is expected to testify; c) a summary of the grounds for such opinion; and d) all documents and professional references upon which such person may specifically base his or his testimony and opinions.

6. Please list each act of negligence, contributory negligence, or comparative negligence you contend Plaintiff, or any other person did or failed to do that in any way contributed to causing the collision that forms the basis for Plaintiff's Complaint. Please supply any statutory authority applicable.

7. State the names and addresses of the following officers and employees of this Defendant's insured, The name of the company whom owned the tractor trailer on the date of the collision, the current employer or subtractor Defendant Kluba was operating for at the time of the collision, and GT Expedited Inc's: President; Treasurer; Safety Director; Personnel Director; and all persons who have investigated the subject collision or discussed the

EXHIBIT "A"

subject collision with GT Expedited Inc. and Macie Kluba, the driver involved in this collision.

8. State the following information concerning any and all liability insurance, including excess or umbrella coverage or coverage by any other description, which does or may afford insurance coverage to this Defendant's insured for the claims made in this lawsuit:

    (a)     Name of each insurance company issuing policy;

    (b)     Applicable liability limits concerning each policy;

    (c)     Names of all persons and/or companies insured under each policy;

    (d)     Names of the person(s) paying premiums with respect to each policy;

    (e)     Policy number of each policy;

    (f)     Types of insurance coverage carried;

    (g)     When/whether the defense of this action has been tendered to any such insurer;

    (h)     When/whether defense has been accepted by each such insurer to whom defense has been tendered;

    (i)     When this Defendant's insured has made any claims under said policy or policies as a result of the occurrence herein;

    (j)     The nature, extent, and amount of any such claim or claims by said insured(s);

    (k)     When those claims have been paid by you and the amount of said payment(s); and,

    (l)     Your response or reaction with respect to the request that you defend this lawsuit and pay any damages assessed, pursuant to the policy provisions.

EXHIBIT "A"

9. State whether this Defendant admits that the driver of the subject tractor trailer, Macie Kluba , negligently caused the subject occurrence.  If your answer is in the negative, please explain the basis for contesting liability.

10. Please identify all persons (whether medical providers, lay persons, or anyone else) who have any relevant information relative to Plaintiff's health condition prior to or subsequent to the collision in this case, information relative to the Plaintiff's physical and mental suffering as a result of this collision, or any information relative to the issue of damages in this litigation.

11. Please explain the nature of the employment relationship between the driver of the subject tractor trailer involved in this collision and this Defendant's named insured, including the date the employment relationship began, whether the relationship has been terminated, the date of such termination, the reason for such termination, and the identity of the person who terminated the driver.

12. With respect to the driver of the tractor trailer involved in this occurrence, please state the following:  his date of birth; Social Security number; Driver's license number and state of issuance; his present home address; all of said driver's previous residence addresses for the past five years, including the street address, city, state, and zip code; and his mode of compensation.

13. Please identify the following individuals as of the date of the occurrence and at present:

   (a)   Person(s) responsible for the inspection, maintenance, and repair of this Defendant's insured tractor trailer;

EXHIBIT "A"

(b)   Safety Director;

(c)   Person(s) responsible for training employees/drivers, including Dante Felmister;

(d)   Person(s) responsible for interviewing and/or hiring employees/drivers, and, specifically, driver Dante Felmister; and,

(e)   Person(s) responsible for supervising drivers, including Dante Felmister.

14. Please state whether this Defendant, its agents, its attorneys, or its insured, on its own or through any other person, obtained or obtains information, from any private source or governmental agency, about the driving history, driving violations, criminal violations, motor vehicle record, or other driving qualifications of the persons this Defendant's insured hires or allows to drive their vehicles.  If so, please state, by job title, to which employees this inquiry applies, from whom this information is obtained (including, but not limited to any governmental agency or entity), and exactly what information is obtained or, as a matter of policy, sought to be obtained.  Also, please state the same as to each person through which such information was requested or obtained concerning the driver involved in the subject occurrence and the dates upon which such information was obtained concerning the driver operating the tractor trailer involved in the subject occurrence.

15. Please identify any and all investigators, mechanics, adjusters, claims representatives, or experts who have investigated this collision, examined any of the vehicles involved, or who have in any way investigated the claims made in this lawsuit on behalf of this Defendant, its attorneys, or its insured.

EXHIBIT "A"

16. Please give a detailed history of any inspections, maintenance, and repairs of the tractor trailer that was involved in the subject collision, both prior to and subsequent to the subject collision, including but not limited to the dates of any inspection(s), maintenance work, and/or repairs, the names of persons who performed any inspection, maintenance, or repairs, and a description of the inspection or work performed.

17. As to this Defendant's insured's tractor trailer involved in the occurrence, please state the following information:  Manufacturer, make, model, year, and Vehicle Identification Number (VIN); person or entity to whom the subject tractor trailer was titled as of the date of the occurrence and at present; present location of the tractor trailer; gross vehicle rating of the tractor trailer; and wheel base measurements.

18. Please state whether any inspection of the subject tractor trailer was conducted after the collision that is the subject of this lawsuit, the results of such inspection, and the name(s) of the person(s) performing such inspection.  Also identify any documents, reports, photographs, videotapes, or other records which were made concerning any inspection of the van.

19. Please state whether at the time and place of the subject occurrence, Defendant Kluba was an employee/servant of this Defendant's insured acting within the course and scope of his employment.  If your answer to this interrogatory is in any way in the negative, please also state the facts which support such response, including, but not limited to, whether Macie Kluba was an employee at the time, whether he was "on the clock" at the time, and if you contend he was on an independent "frolic" of his own, please state what facts support that contention.

EXHIBIT "A"

20. Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, videos, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the subject occurrence, the site of the subject occurrence, the vehicles involved, or which in any way illustrate any facts relevant to the occurrence. As to each item, please state the following:  the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

21. Please state whether this Defendant, its attorneys, investigators, or other representatives know of any photographs, still or motion pictures, videos, plans, drawings, blueprints, sketches, diagrams, computer simulations, or any other type demonstrative evidence concerning the Plaintiff and his injuries or actions following the collision. As to each item, please state the following:  the nature of such item; how many of such items exist (for example, 15 photographs); the name, address, and employer of the person making or supplying such item; and the identity of the person who presently possesses such item.

22. Please state whether or not an accident/incident report was made by this Defendant or any of your representatives or the insured(s) in connection with the subject occurrence, and if so, the place where such report is located.

23. Please state in detail how you contend the subject occurrence took place and the order in which the events took place, to include the purpose of the trip by Macie Kluba, his destination, and from where he left.  Please include in this response a listing of each

EXHIBIT "A"

person, force of nature, act of God, and/or circumstance you believe to have caused or contributed to causing the subject occurrence and/or any of Plaintiff's injuries.

24. Please identify and describe each document filed by or on behalf of GT Expedited Inc. with a state or government agency, or received from a state or federal agency, including, but not limited to, certificates of insurance, MC90, insurance cancellation notifications, certificate of authority, and licenses or permits to engage in interstate or intrastate authority.

25. Please identify all dates which correspondence or attempts of communication with your insured GT Expedited Inc were made in relation to the referenced incident.

26. Please identify the date and individual you informed your insured that you would not be covering Plaintiffs damages which are the subject of this complaint.

27. Identify whom exactly Defendant Macie Kluba was working for or acting on behalf of at the time of the collision.

28. Please identify whether a video recording capturing the referenced collision in in your possession, and or was ever requested from your insured.

29. Identify each document which supports or otherwise relates to your responses to any of these Interrogatories or to any of your contentions asserted in your answer to Plaintiff's Complaint, stating as to each such document the contention which it supports or to which it otherwise relates.

*[SIGNATURE ON FOLLOWING PAGE][*

EXHIBIT "A"

This 4th day of January, 2019.

Respectfully submitted,

MONGE & ASSOCIATES,

*/s/ Kristina Ducos*

Kristina Ducos
Georgia State Bar No. 440149
Attorney for Plaintiff

8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350
(800)899-5750
kristinad@monge.lawyer

EXHIBIT "A"

# IN THE STATE COURT OF DEKALB COUNTY, GEORGIA

**DeKalb**

(County)     (Municipal)

Robert Bass vs.
Macie Kluba

DEPARTMENT, **General Civil**     **Domestic Relations**

(Division)     (District)

Case No.     **19A72635**

## AFFIDAVIT OF SPECIAL PROCESS SERVER

**John Grena**     being first

duly sworn on oath deposes and says that he/she was appointed by the Court on
to serve process in the above mentioned cause.

I.   That he served the within:     **Summons and Complaint / All Attched Documents**
on the within named defendant:

   **Macie Kluba, Express ToGo, GT Expedited, Inc., Arch Ins. Co. and ABC Corp.   Rec'd by   Macie Kluba**

   **by leaving a copy with the said defendant personally on**     **January 8, 2019**

II.  That he served the within:     on the within named defendant,

   by leaving a copy of each at his/her usual place of abode with

   a person of the family of the age of 13 years or upwards and informed

   that person of the content thereof on     and that further he/she mailed a

   copy of each in a sealed envelope with postage prepaid addressed to the defendant,

   at his/her usual place of abode on

III. (a) That the sex, race and approximate age of the defendant or other person with whom he/she left the summons
     are as follows: Sex:  **Male**     Race: **White**     Approximate Age:   **60**

     (b) That the place where (if possible in terms of an exact street address) and the date and time of the day when the
     summons was left with the defendant or other person were as follows:

   Place:     **470 Kenilworth Ave. #29   Glen Ellyn, IL. 60137**

   Date:     **January 8, 2018**     Time of day     **5:50pm.**     am/pm.

IV.

MLQ ATTORNEY SERVICES
2000 RIVEREDGE PARKWAY NW
SUITE 885
ATLANTA, GA 30328
1-800-446-8794

Special Process Server Signature

Signed and sworn before me on this     **10th.**     day of     **January,  2019**

Search Investigations, Inc.
551 Roosevelt Road, #110
Glen Ellyn, IL 60137
p. 630-890-1340
Agency Lic. # 117-000935

Notary Public

OFFICIAL SEAL
SUSAN L GRENA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:08/22/19



EXHIBIT "A"

IN THE STATE COURT OF DEKALB COUNTY

STATE OF GEORGIA

ROBERT BASS

vs.                                                CIVIL ACTION NO. 19A72635

MACIE KLUBA, EXPRESS TO GO,
GT EXPEDITED, INC., ARCH INSURANCE
COMPANY AND ABC CORPORATION

     Defendant.

<u>AFFIDAVIT</u>

Personally appeared before an authority duly authorized to administer oaths, the undersigned, who, after being fully sworn on oath, states as follows:

1.

My name is William C. Lutwack and I am over the age of eighteen (18).   I am a citizen of the United States and have no interest in this matter.

2.

That on January 11, 2019, at approximately 4:16 p .m.., I served Arch Insurance Company by and through its Registered Agent, Corporation Service Company. with the following documents:   Summons, Complaint for Personal Injuries with Demand for Jury Trial, Plaintiff's First Request for Admissions to Defendant, Macie Kluba. Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant Macie Kluba, Plaintiffs' First Request for Admission to Defendant, Arch Insurance Company, Plaintiffs' First Set of Interrogatories to Defendant to Arch Insurance Company, and Plaintiffs' First Request for Production of Documents to Defendant Arch Insurance Company, Plaintiffs' First Request for Admission to Defendant, GT Expedited Inc., Plaintiffs' First Set of Interrogatories to Defendant, GT Expedited Inc. and Plaintiffs' First Request for Production of Documents to Defendant, GT Expedited, Inc.

3.

The Registered Agent for Arch Insurance Company , was served at 40 Technology Parkway, Suite #300, Norcross, Georgia   30092.   The Registered Agent accepted service

EXHIBIT "A"

FURTHER AFFIANT SAITH NOT.

This /2 day of January, 2019

_____
WILLIAM C. LUTWACK

Sworn to and subscribed to
before me this /2ᵗʰ day of
January, 2019

_____
Notary Public

**GA Cert. Process Server**
William Lutwack
0000286

STATE COURT OF
DEKALB COUNTY, GA.
1/23/2019 11:47 AM
E-FILED
BY: Jewel Baldwin

Robert Bass vs. Macie Kluba et al.
State Court of DeKalb
Civil Action file No.   19A72635

EXHIBIT "A"

Civil Action No. _19A 72 635_

Date Filed _1 - 4 - 2019_

| | Magistrate Court | ☐ |
|---|---|---|
| | Superior Court | ☐ |
| | State Court | ☐ |
| | Georgia, | ☑ County _DeKalb_ |

Attorney's Address
_Kristina Ducos_
_Monge & Associates_
_8205 Dunwoody Pl._
_Bldg. 19_
_Atlanta, GA 30350_
_(800) 899 - 5750_

_Robert    Bass_
                                                    **Plaintiff**

VS.

_Macie Kluba, Express Togo,_
_Arch Insurance Company_
_ABC Corp._
                                                    **Defendant**

Name and Address of party to be served.

_GT Expediter Inc._
c/o _All American Agents of Process_
_Christopher Meacham_
_5704 Veterans Parkway_
_Columbus, GA 31904_
                                                    **Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**Notorious** ☐
I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at
the residence of defendant.

**Corporation** ✓
Served the defendant _GT Expediter Inc._ a corporation
by leaving a copy of the within action and summons with _Christopher Meacham - Attorney_
in charge of the office and place of doing business of said Corporation in this County.
_Comad_

**Tack & Mail** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting and depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _11_ day of _Jan._, 20 _18_.

_303232 #D59606695 @ 15:20_

Sheriff Docket _____   Page _____                _____ County, Georgia

WHITE: Clerk          CANARY: Plaintiff / Attorney          PINK: Defendant _W.Hoover  #5967260_

SC-2 Rev.3.13

**EXHIBIT "A"**

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **ROBERT BASS,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **MACIE KLUBA, EXPRESS TOGO, GT** | ) |
| **EXPEDITED, INC., ARCH** | ) |
| **INSURANCE COMPANY, and ABC** | ) |
| **CORPORATION,** | ) |
| | ) |
| **Defendants.** | ) |

**CIVIL ACTION FILE NO.**

**19-A-72635**

### DEFENDANT EXPRESS TOGO'S SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES

COMES NOW, **EXPRESS TOGO,** a Defendant in the above-styled action, by special appearance and without voluntarily subjecting itself to the jurisdiction and venue of the Court, without waiving, and specifically raising and reserving, all objections to deficiency of service, process, service of process, jurisdiction over the person, and venue, shows this Honorable Court the following:

### FIRST DEFENSE

This Defendant denies that it was negligent in any manner, or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by the Plaintiff.

### SECOND DEFENSE

The sole and proximate cause of the accident referenced in the Complaint was the negligence, including but not limited to negligence and/or negligence *per se*, of a party or parties,

EXHIBIT "A"

STATE COURT OF
DEKALB COUNTY, GA.
1/31/2019 5:03 PM
E-FILED
BY: Michelle Cheek

or non-party or non-parties, other than this Defendant. Therefore, Plaintiff is barred from any recovery against this Defendant.

## THIRD DEFENSE

Plaintiff's alleged damages were directly and proximately caused by Plaintiff's own contributory/comparative negligence and failure to exercise ordinary care and, as such, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Plaintiff, by the exercise of ordinary care, could have avoided the incident referenced in the Complaint and, therefore, Plaintiff is not entitled to recover from Defendant.

## FIFTH DEFENSE

To the extent shown by evidence through discovery, Defendant raises all those affirmative defenses set forth in O.C.G.A. § 9-11-8(c) and O.C.G.A. § 9-11-12(b), and none of these defenses are waived.

## SIXTH DEFENSE

To the extent any claim for punitive damages or attorney's fees and expenses of litigation,  pursuant to O.C.G.A. § 13-6-11 or pursuant to any other theory, is or may be made by Plaintiffs, no basis exists for such claims and, further, imposing punitive damages under the circumstances of this case upon Defendants would violate their rights under the Constitution of the State of Georgia and the United States Constitution.  Further in this regard, Defendant specifically shows that a *bona fide* dispute exists to the extent that Defendant is not liable to Plaintiff.

EXHIBIT "A"

## SEVENTH DEFENSE

Defendant reserves the right to seasonably amend these affirmative defenses as needed or as warranted by the discovery in this case.

## EIGHTH DEFENSE

This Defendant denies that it caused the Plaintiff to suffer any injury.

## NINTH DEFENSE

Plaintiff's claims are barred by the avoidance doctrine.

## TENTH DEFENSE

Plaintiff's claims are barred to the extent that Plaintiff's damages are the result of a preexisting or otherwise unrelated medical condition.

## ELEVENTH DEFENSE

Plaintiff's failure to properly plead items of special damages sought in this action prohibits and/or bars Plaintiff's rights to recover and/or recoup any items of special damages in this action, as a matter of law.

## TWELFTH DEFENSE

Plaintiff's medical expenses must be reduced to the extent that they exceed the reasonable or customary amounts.

## THIRTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of waiver, consent, release, failure of consideration, estoppel, fraud, illegality, injury by fellow servant, laches, license, Statute of Frauds, payment and/or accord and satisfaction.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations

EXHIBIT "A"

against this Defendant.

## FIFTEENTH DEFENSE

This Defendant raises the defenses of insufficiency of process and service of process.

## SIXTEENTH DEFENSE

Plaintiff's claims against this Defendant are subject to dismissal for lack of personal jurisdiction.

## SEVENTEENTH DEFENSE

Plaintiff's failure to properly plead items of special damages sought in this action prohibits and/or bars Plaintiff's rights to recover and/or recoup any items of special damages in this action, as a matter of law.  O.C.G.A. § 9-11-9(g).

## EIGHTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## NINETEENTH DEFENSE

This Defendant asserts it is not a proper party to this action.

## TWENTIETH DEFENSE

This Defendant responds to the individually numbered paragraphs of the Complaint as follows:

## PARTIES AND JURISDICTION

1.

The allegations in Paragraph 1 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without knowledge to either admit or deny the allegations of Paragraph 1 of the Complaint. Therefore, same is denied.

EXHIBIT "A"

2.

The allegations in Paragraph 2 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without knowledge to either admit or deny the allegations of Paragraph 2 of the Complaint. Therefore, same is denied.

3.

The allegations in Paragraph 3 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without knowledge to either admit or deny the allegations of Paragraph 3 of the Complaint. Therefore, same is denied.

4.

The allegations in Paragraph 4 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without knowledge to either admit or deny the allegations of Paragraph 4 of the Complaint. Therefore, same is denied.

5.

The allegations in Paragraph 5 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without knowledge to either admit or deny the allegations of Paragraph 5 of the Complaint. Therefore, same is denied.

6.

The allegations in Paragraph 6 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this

EXHIBIT "A"

Defendant is without knowledge to either admit or deny the allegations of Paragraph 6 of the Complaint. Therefore, same is denied.

7.

The allegations in Paragraph 7 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without knowledge to either admit or deny the allegations of Paragraph 7 of the Complaint. Therefore, same is denied.

### **FACTS**

8.

This Defendant is without knowledge to either admit or deny the allegations of Paragraph 8 of the Complaint.

9.

This Defendant is without knowledge to either admit or deny the allegations of Paragraph 9 of the Complaint.

10.

This Defendant is without knowledge to either admit or deny the allegations of Paragraph 10 of the Complaint.

11.

This Defendant is without knowledge to either admit or deny the allegations of Paragraph 11 of the Complaint.

12.

This Defendant is without knowledge to either admit or deny the allegations of Paragraph 12 of the Complaint.

EXHIBIT "A"

13.

This Defendant is without knowledge to either admit or deny the allegations of Paragraph 13 of the Complaint.

14.

This Defendant is without knowledge to either admit or deny the allegations of Paragraph 14 of the Complaint. Therefore, same is denied.

## COUNT I:  NEGLIGENCE OF DEFENDANT KLUBA

15.

The allegations in Paragraph 15 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without knowledge to either admit or deny the allegations of Paragraph 1 of the Complaint. Therefore, same is denied.

16.

The allegations in Paragraph 16 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without knowledge to either admit or deny the allegations of Paragraph 16 of the Complaint. Therefore, same is denied.

17.

The allegations in Paragraph 17 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without knowledge to either admit or deny the allegations of Paragraph 17 of the Complaint. Therefore, same is denied.

EXHIBIT "A"

## COUNT II:  NEGLIGENCE OF GT EXPEDITED INC.

18.

Defendant reasserts and reincorporates by this reference its responses to Paragraphs 1 through 17 of Plaintiff's Complaint as if fully set forth herein.

19.

The allegations in Paragraph 19 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without knowledge to either admit or deny the allegations of Paragraph 19 of the Complaint. Therefore, same is denied.

20.

The allegations in Paragraph 20 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without knowledge to either admit or deny the allegations of Paragraph 20 of the Complaint. Therefore, same is denied.

## COUNT III:  NEGLIGENCE OF DEFENDANT EXPRESS TOGO

21.

Defendant reasserts and reincorporates by this reference its responses to Paragraphs 1 through 20 of Plaintiff's Complaint as if fully set forth herein.

22.

The allegations in Paragraph 22 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 22 of the Complaint.

EXHIBIT "A"

23.

The allegations in Paragraph 23 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 23 of the Complaint.

24.

The allegations in Paragraph 24 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 24 of the Complaint.

<u>**COUNT IV:  DIRECT ACTION AGAINST DEFENDANT**</u>

<u>**ARCH INSURANCE COMPANY**</u>

25.

Defendant reasserts and reincorporates by this reference its responses to Paragraphs 1 through 24 of Plaintiff's Complaint as if fully set forth herein.

26.

The allegations in Paragraph 26 of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Defendant can neither admit or deny Paragraph 26 of the Complaint in that the term "motor carrier" has multiple legal definitions not all of which may apply.

24. (sic) / 27.

This Defendant is without knowledge to either admit or deny the allegations of Plaintiff's improperly numbered Paragraph 24 (actually Paragraph 27) of the Complaint.

25. (sic) / 28.

The allegations in Plaintiff's improperly numbered Paragraph 25 (actually Paragraph 28)

- 9 -

of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Plaintiff's improperly numbered Paragraph 25 (actually Paragraph 28) of the Complaint.

26. (sic) / 29.

The allegations in Plaintiff's improperly numbered Paragraph 26 (actually Paragraph 29) of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without knowledge to either admit or deny the allegations of Plaintiff's improperly numbered Paragraph 26 (actually Paragraph 29) of the Complaint.

27. (sic) / 30.

The allegations in Plaintiff's improperly numbered Paragraph 27 (actually Paragraph 30) of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, this Defendant is without knowledge to either admit or deny the allegations of Plaintiff's improperly numbered Paragraph 27 (actually Paragraph 30) of the Complaint. Therefore, same is denied.

28. (sic) / 31.

The allegations in Plaintiff's improperly numbered Paragraph 28 (actually Paragraph 30) of the Complaint are denied.

## COUNT IV:  O.C.G.A. § 13-6-11

29. (sic) / 32.

The allegations in Plaintiff's improperly numbered Paragraph 29 (actually Paragraph 32) of the Complaint are denied.

EXHIBIT "A"

30. (sic) / 33.

The allegations in Plaintiff's improperly numbered Paragraph 30 (actually Paragraph 33) of the Complaint are argument and call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Plaintiff's improperly numbered Paragraph 30 (actually Paragraph 33) of the Complaint.

31. (sic) / 34.

The allegations in Plaintiff's improperly numbered Paragraph 31 (actually Paragraph 34) of the Complaint are denied.

## **PRAYER FOR RELIEF**

35.

This Defendant denies any and all allegations and prayers for relief contained in the WHEREFORE clause/Prayer for Relief of Plaintiff's Complaint.  All remaining allegations and inferences contained in Plaintiff's Complaint not heretofore specifically addressed, are denied in their entirety.

**WHEREFORE**, Defendant **EXPRESS TOGO**, having fully answered Plaintiff's Complaint for Personal Injuries, prays as follows:

a)       that it be discharged without cost or liability;

b)       that it have a trial by a jury as to all issues properly triable by a jury;

c)       that a Pre-Trial Conference be held;

d)       that costs and attorneys' fees be assessed against Plaintiff; and

e)       that it have such other relief as the Court deems just and proper.

*(Signature on Next Page)*

- 11 -

EXHIBIT "A"

Respectfully submitted, this 31st day of January, 2019.

**HALL BOOTH SMITH, P.C.**

/s/ Caitlin D. Mattler
SCOTT H. MOULTON
Georgia Bar No. 974237
CAITLIN D. MATTLER
Georgia Bar No. 888463
*Attorneys for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303-1740
PH:  (404) 954-5000; Fax: (404) 954-5020

STATE COURT OF
DEKALB COUNTY, GA.
1/31/2019 5:03 PM
E-FILED
BY: Michelle Cheek

EXHIBIT "A"

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **ROBERT BASS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | |
| | ) | **19-A-72635** |
| **MACIE KLUBA, EXPRESS TOGO, GT** | ) | |
| **EXPEDITED, INC., ARCH** | ) | |
| **INSURANCE COMPANY, and ABC** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of **DEFENDANT EXPRESS TOGO'S SPECIAL APPEARANCE ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR PERSONAL INJURIES** upon all parties to this matter via the Odyssey E-File System which will automatically send an electronic copy to the following:

Kristina Ducos
Monge & Associates
8205 Dunwoody Place
Building 19
Atlanta, Georgia 30350

This 31st day of January, 2019.

**HALL BOOTH SMITH, P.C.**

/s/ Caitlin D. Mattler
CAITLIN D. MATTLER
Georgia Bar No. 888463
*Attorneys for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
(404) 954-5000; (404) 954-5020

66680511-1

- 13 -
EXHIBIT "A"

TO:        All Judges, Clerks of Court and Counsel of Record

FROM:      Scott H. Moulton, Esquire

RE:        Notice of Leave of Absence

DATE:      February 7, 2019

_____

COMES NOW, Scott H. Moulton, Esquire, and respectfully notifies all Judges before whom he has pending cases, all affected clerks of court, and all opposing counsel, that he will be on leave pursuant to Uniform Superior Court Rule 16.

1.    The periods of leave during which Scott H. Moulton, Esquire, will be away from the practice of law is:

- **March 27, 2019 – April 2, 2019 (conference);**
- **July 30, 2019 – August 2, 2019 (conference); and**
- **September 25, 2019 – September 30, 2019 (conference).**

2.    Unless opposing counsel files a written objection within ten (10) days with the Clerk of Court, with a copy to the Court and all counsel of record, or the Court responds denying the leave, such leave will stand granted without entry of an Order.  Uniform Superior Court Rule 16.1(c).

Respectfully submitted this 7th day of February, 2019.

**HALL BOOTH SMITH, P.C.**


_/s/ Scott H. Moulton_____
BY:    Scott H. Moulton

191 Peachtree Street
Suite 2900
Atlanta, GA 30303
TEL (404) 954-5000
FAX (404) 954-5020

EXHIBIT "A"

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date served a copy of the within and foregoing Notice of

Leave of Absence for Scott H. Moulton upon all Judges, Clerks and Opposing Counsel listed on

the attached Exhibit "A" electronically and/or U.S. Mail:

This <u>7th</u> day of February, 2019.

**HALL BOOTH SMITH, P.C.**

*/s/ Scott H. Moulton*

Scott H. Moulton
Georgia State Bar No. 974237

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
TEL (404) 954-5000
FAX (404) 954-5020

66760656-1
2660-0682

EXHIBIT "A"

| Name/Number of Case | Court Pending/Judge | Opposing Counsel |
|---|---|---|
| Robert Bass v. Macie Kluba, Express TOGO, et al.<br><br>CAFN: 19-A-72635 | Clerk of Court<br>State Court of DeKalb County<br>556 N. McDonough Street<br>DeKalb County Courthouse<br>Decatur, GA 30030-3356<br><br>Judge Johnny Panos | Kristina Ducos<br>Monge & Associates<br>8205 Dunwoody Place, Building 19<br>Atlanta, GA 30350 |

EXHIBIT "A"